GEORGE A. LEMBCKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75365. Promulgated December 11, 1935.

*Allen G. Gartner, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner has applied section 115(g) of the Revenue Act of 1928, which provides:

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the

distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend.

The petitioner concedes that if the distribution in question was at such time and in such manner as to make it essentially equivalent to the distribution of a taxable dividend, then the amount distributed represented in its entirety a distribution of earnings or profits accumulated after February 28, 1913. He contends, however, that sections 115 (c) and (h) apply, that is, that the distribution and redemption of the preferred stock was in partial liquidation of the corporation, since the term "amounts distributed in partial liquidation" is defined in subsection (h) as a distribution by a corporation in complete cancellation or redemption of a part of its stock. Undoubtedly the distribution in question was in complete cancellation or redemption of the 215½ shares of stock owned by the petitioner. Subsection (c) provides that amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The parties have agreed that if the petitioner's contention is correct, the gain determined under section 111 was $8,788.09 and all of it is recognized for tax purposes. The respondent does not contend that it would not be taxable as capital gain.

The Commissioner has determined that the distribution was at such time and in such manner as to make it essentially equivalent to the distribution of a taxable dividend. It was, therefore, encumbent upon the petitioner to produce sufficient evidence to overcome the presumption of correctness which attaches to the Commissioner's determination. He sketched, by his evidence, the history of the corporation in so far as changes in its capital structure were concerned. The details of the issuance and redemption of the particular stock in question appeared as a part of that evidence. Thus far there is no dispute between the parties.

The only witness for the petitioner was Oscar M. Bernuth. He had been interested in the business of the corporation since 1898 and was president of the corporation during the period most important to this proceeding. He gave several reasons for the increase in the capital stock which took place in 1927 and also for the increase in capital stock and the change from common to preferred stock which was made in 1929. Some of his reasons are not clear or persuasive, particularly when viewed in the light of other evidence in the case. However, two of his reasons are not without force. The corporation was forced by the necessities of its business to borrow a considerable amount of money from banks on its short term unsecured paper.

The banks making these loans preferred that the corporation should have a larger capitalization and felt that the credit which they extended to the corporation would be better secured if such an increase were made. The witness stated that this was one of the reasons for the increase in 1927 and also one of the reasons for the increase in 1929. Another reason which he gave us was that the petitioner had expressed a desire to retire from active participation in the business and in anticipation of this retirement, which actually took place in 1931, had requested that a larger portion of the investment of the stockholders in the corporation be placed in preferred stock. These two reasons can not be disregarded. They indicate that the stock dividends of 1927 and 1929 were declared for legitimate business purposes rather than to disguise the later distribution of cash dividends. The redemption in 1931 was no part of a plan to distribute cash dividends in avoidance of tax. The redemption was at par. The amount distributed was relatively small. Neither the time nor the manner of the redemption indicates an ordinary dividend. Cf. *Annie Watts Hill*, 27 B. T. A. 73; affd., 66 Fed. (2d) 45. It was a true partial liquidation.

*Decision will be entered under Rule 50.*